AGNES WISNIEWSKI, ADMINISTRATRIX AD PROSEQUEN-
DUM OF THE ESTATE OF JOHN S. WISNIEWSKI, DE-
CEASED, PLAINTIFF-APPELLANT, v. LOUIS WEIN-
STOCK, DEFENDANT-RESPONDENT.

Submitted January 19, 1943—Decided April 12, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the plaintiff-appellant, *Francis N. Reps.*

For the defendant-respondent, *Philip Blacher.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The plaintiff as administratrix *ad prosequendum* suffered judgment of nonsuit in the prosecution of an action against the defendant for the death of her husband who died as the result of injuries received when he was struck by the defendant's motor car. The accident occurred March 28th, 1940, at 7:30 in the evening on a state highway known as Route 35 in South Amboy, at the intersection of Oak Street and Ridgeway Avenue.

The grounds of appeal state that the nonsuit was error in that there was sufficient proof to take the case to the jury and, further, that the court erred in declining to receive the

opinion testimony of plaintiff's witness, Paczkowski. This witness was asked whether he could judge the speed at which the defendant's car was moving at the time of the accident "from an examination of the length of the skid mark." The argument for reversal based on this ground of appeal will be examined first. The questions in exhibition of the witness' qualifications brought out that he was a truck chauffeur and had been such for a period fifteen years. This witness had testified that at the time of the accident he was in a nearby tavern and certain sounds from the highway engaged his attention. He described his sensation by declaring that he heard "brakes squeal and the sound of a cork being blowed out of a bottle." In testifying the witness referred to a diagram which was admitted in evidence but which has not been reproduced in the state of case. On it he made markings showing where the body of Mr. Wisniewski lay and where the defendant's car stood after the collision. The witness also testified that he examined the road for "skid" marks, found them, and that they "followed the car" almost to the point where it came to a stop. He was then asked the question whether from those marks he could judge the speed at which the car was running at the time of the happening. The court, on its own motion, overruled the question, saying: "It is too uncertain. I sustain the objection," although no objection had been voiced for the defendant.

The appellant contends the court erred in barring the testimony. It is conceded by the appellant that the question of whether a witness is qualified to testify as an expert is a preliminary court question (*Schwartz Bros., &c.,* v. *International Brotherhood, &c.,* 126 *N. J. L.* 379; 19 *Atl. Rep.* (*2d*) 690) but it is argued that in these circumstances the court's action was an abuse of discretion on the ground that the witness, experienced as a truck chauffeur, was qualified to express an opinion and that such opinion was competent. We are of the view that a showing that the witness had been a truck chauffeur for a period of fifteen years did not, standing alone, qualify him to express an expert opinion concerning the speed of a car which he has not seen in motion, based on the skid marks which he related to this car. No further

attempt was made to qualify the witness and no hypothetical question was advanced. If the witness was in fact qualified to express an opinion as to the speed of the car, from the fact elements in his possession, it would have been a simple matter to have elicited such information. We conclude that the witness had no such expert knowledge or, if he had, sufficient foundation was not laid to qualify him. We perceive no abuse of discretion in overruling the question.

It is also suggested in the plaintiff's argument that the court's action in excluding the question on its own motion was erroneous and that the case of *Electric Park Amusement Co.* v. *Psichos,* 83 *N. J. L.* 262, as authority therefor is not applicable. We do not agree with this contention and think the case mentioned is complete authority for the action of the trial court. The competency of evidence is a question for the court and whether a witness has been sufficiently qualified to supply expert opinion is a preliminary question for the court. Therefore it is not outside the province of the court to decline to receive testimony in a case which, if received, would be valueless. The court, without doubt, was of the mind that up to this juncture, when the opinion was sought, the witness had not exhibited qualification sufficient for expert opinion testimony and we are in agreement with that conclusion. We perceive no error here.

Nor do the other grounds of appeal—that facts were in evidence from which a jury might properly infer negligence—possess any merit.

It was the plaintiff's burden to prove that the decedent met his death as the proximate result of the negligent operation of the car. No witness who saw the accident, if any did, was produced nor was there proof of circumstance from which negligence might legitimately be inferred. The testimony of the witness, Paczkowski, pictured the scene after the accident, the length of the skid marks, and the position of the decedent's body with relation to the position of the defendant's car; that the place was well lighted; that there was a warning sign "Caution, dangerous intersection" at the side of the road. Further, there was the testimony of one Chevalier, a police officer, who related the conversation he had with

the defendant driver who said "* * * that a man ran diagonally across the highway in front of him and he didn't see him until he was twenty feet away," when he applied his brakes; that he was operating his car at a speed of thirty-five miles an hour. The officer testified that the permitted speed on the highway in that area was forty-five miles an hour. There was also testimony that the right side of the grillwork and hood of the defendant's motor vehicle were damaged and that the decedent wore dark clothing. From these facts no inference of negligence arose.

There must be proof of negligence or of facts connotating negligence. Then only may the issue be submitted to a jury. The judgment of nonsuit was correct and will be affirmed.